16-2512-cv
Hood v. Ascent Med. Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand seventeen.

PRESENT: REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges*,
LEWIS A. KAPLAN,
*District Judge*.[*]

-----------------------------------------------------------------------
CIARAN HOOD,
*Plaintiff-Appellant*,

v.                                                            No. 16-2512-cv

ASCENT MEDICAL CORPORATION, SALALAH MEDICAL DEVICE MANUFACTURING COMPANY, SAOC, ASCENT MEDICAL TECHNOLOGY FUND II, L.P., SALALAH MEDICAL SUPPLIES MANUFACTURING COMPANY, L.L.C., and ASCENT PRIVATE EQUITY II, L.L.C.,
*Defendants-Appellees*.
-----------------------------------------------------------------------
APPEARING FOR APPELLANT:        EAMONN DORNAN, Dornan & Associates PLLC, Yonkers, New York.

FOR APPELLEES:                  No appearance.

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*; Debra Freeman, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 20, 2016, is AFFIRMED.

Plaintiff Ciaran Hood appeals from the vacatur of a partial default judgment in his favor as to liability and from the dismissal of his complaint without prejudice for lack of personal jurisdiction. Hood challenges the district court's authority to order vacatur and its adverse ruling as to personal jurisdiction. We review both the district court's legal authority and its order of dismissal *de novo*, reviewing any underlying factual determinations only for clear error. *See U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014); *Frontera Res. Azer. Corp. v. State Oil Co. of Azer. Republic*, 582 F.3d 393, 395 (2d Cir. 2009). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Authority To Vacate Partial Default Judgment

Hood argues that, absent a motion to vacate under Fed. R. Civ. P. 60(b), the district court could not revisit its award of partial default judgment on liability. The argument fails because the district court "expressly left unresolved . . . the proper amount of damages," and with "the inquest on damages . . . pending, the District Court's order, though styled a default judgment, was a non-final order." *Swarna v. Al-Awadi*, 622 F.3d 123, 140 (2d Cir. 2010). Such an order, which "does not end the action," could be altered by the district court "at any time before the entry of a judgment adjudicating all

2

the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Nor had the district court certified that there was "no just reason for delay" and thereby directed entry of a final judgment. *See O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 41–42 (2d Cir. 2003) (explaining that Rule 54(b) certification must be explicit and generally accompanied by "reasoned explanation"). Accordingly, the district court possessed the authority to vacate its partial grant of default judgment.

2.    Absence of Personal Jurisdiction

While we have "left open the question whether a district court *must* investigate its personal jurisdiction over a defendant" when considering a motion for default judgment, the district court was entitled to raise the matter *sua sponte* here because the defaulting defendant did not "appear[]" or "consent[] . . . to the jurisdiction of the court." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 133 (2d Cir. 2011) (internal quotation marks and alteration omitted) (emphasis in original). In determining the propriety of exercising personal jurisdiction over a foreign corporation, we look—in the absence of a federal statute to the contrary—to the law of the forum state, subject to federal constitutional limitations. *See Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016); *see also* Fed. R. Civ. P. 4(k)(1)(A). In so doing, we recognize that courts may exercise two forms of personal jurisdiction over a corporate defendant properly served with process: "specific (also called 'case-linked') jurisdiction and general (or 'all-purpose') jurisdiction." *Brown v. Lockheed Martin Corp.*, 814 F.3d at 624. The district court, adopting the magistrate judge's well-reasoned report and

3

recommendation, concluded that Hood established neither basis for personal jurisdiction here.   We agree.

a.      General Jurisdiction

Hood contends that exercising general jurisdiction was consistent with New York state law and the federal Constitution.   We need address only the latter, which is dispositive here.   *See Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014); *see also Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224–25 & n.2 (2d Cir. 2014) (declining to address "scope of general jurisdiction under New York law" where exercising general jurisdiction "clearly inconsistent with *Daimler*").   General jurisdiction may constitutionally be asserted over corporate entities only if "their affiliations with the [s]tate are so continuous and systematic as to render them essentially at home in the forum State."   *Daimler AG v. Bauman*, 134 S. Ct. at 754 (internal quotation marks omitted).   "[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business—the 'paradigm' cases."   *Brown v. Lockheed Martin Corp.*, 814 F.3d at 627; *see Daimler AG v. Bauman*, 134 S. Ct. at 761 n.19.

Hood fails to demonstrate that defendants were incorporated or principally did business in New York, or that this is otherwise an extraordinary case in which general jurisdiction would be appropriate.   Hood alleges that defendants Salalah Medical Device Manufacturing Company and Salalah Medical Supplies Manufacturing Company are registered in the Sultanate of Oman, and seeks to exercise jurisdiction over them only insofar as the remaining defendants, alleged to be Delaware corporations and limited

4

partnerships, are their agents or affiliates. As an initial matter, the Supreme Court has rejected so expansive an understanding of "agency" as a basis for general jurisdiction. *See Daimler AG v. Bauman*, 134 S. Ct. at 760 (holding that foreign corporations may not be subject to general jurisdiction "whenever they have an in-state subsidiary or affiliate"). In any event, the asserted bases for general jurisdiction over the Delaware entities, *i.e.*, the existence of product sales and an office in New York, are legally insufficient. *See, e.g.*, *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d at 226 (explaining that even "substantial, continuous, and systematic course of business," including negotiations, transactions, and office in New York, was insufficient to warrant exercise of general jurisdiction (internal quotation marks omitted)). Hood's contention that general personal jurisdiction requires only a showing of "*continuous and systematic*" contact with the state, Appellant's Br. 23 (emphasis in original), is likewise incorrect. *See Daimler AG v. Bauman*, 134 S. Ct. at 761 ("[T]he inquiry . . . is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, it is whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." (internal quotation marks and alteration omitted)). Finally, Hood's supporting affidavits do not assist him because they suggest that the "US Head Office" for these defendants was in *Minnesota*, D. Ct. Dkt. No. 49-11, at 1, which is also where the CEO preceding Hood was based, and where his employment agreement was drafted. General personal jurisdiction could not, therefore, be exercised over the defendants in this case in New York.

b.     Specific Jurisdiction

Hood argues that specific jurisdiction was appropriate under New York's long-arm statute.   *See* N.Y. C.P.L.R. § 302(a)(1).   To establish personal jurisdiction under that statute, a plaintiff must show (1) that the defendant "transacted business within the state" and (2) that the claim "arise[s] from that business activity."   *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015).   While even "one transaction in New York" may suffice, New York's long-arm statute authorizes specific jurisdiction only where that transaction has a "substantial relationship" to the claim asserted in the instant case.   *Id.* (internal quotation marks omitted).   Because Hood established no basis for specific personal jurisdiction under the long-arm statute, we need not address whether applying it here would be constitutional.

Hood's claims here in no way "arise from" defendants' activities in New York. The gravamen of the complaint is that Hood (a Northern Ireland resident) was hired by corporations in Oman to perform work in Oman, and that defendants terminated him and breached their agreement when they failed to obtain funding from financial backers in Oman.   Whether or not defendants also sought to sell products in New York—one of many states where they sought to do so—is beside the point, and cannot serve as a basis for haling defendants into a federal court in New York on this complaint.   No different conclusion is warranted by the fact that Hood's employment contract—executed outside of New York—was to be interpreted by reference to New York law.   *See America/International 1994 Venture v. Mau*, 146 A.D.3d 40, 59, 42 N.Y.S.3d 188, 202 (2d Dep't 2016) ("A choice of law provision in an agreement, while relevant, is

6

insufficient by itself to confer personal jurisdiction over a defendant in New York under C.P.L.R. § 302(a)(1)."); *see also Borden, Inc. v. Meiji Milk Prods. Co.*, 919 F.2d 822, 827 (2d Cir. 1990) ("[A] New York choice of law clause in the parties' agreement is not the equivalent of a choice of forum clause.").

Hood argues that specific jurisdiction was nevertheless proper here because a board member, Peggy Farley, defamed him in New York. *See* N.Y. C.P.L.R. § 302(a)(2)–(3) (authorizing court to exercise personal jurisdiction over out-of-state defendant who "commits a tortious act within the state" or "commits a tortious act without the state causing injury to person or property within the state"). Hood's complaint did not tie that allegation to New York, and he initially argued that the New York choice-of-law provision was the only basis for jurisdiction under the statute, a conclusion we have already rejected. Hood did not suggest that Farley's conduct occurred in New York until after the report and recommendation had issued. Further, Hood failed to proffer facts supporting a plausible claim of defamation by Farley, who had herself been dismissed from the action for improper service of process. Finally, and in any event, the statute provides no specific jurisdiction in New York where the tort alleged is defamation. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244–45 (2d Cir. 2007) ("[S]ections 302(a)(2) and (3) . . . explicitly exempt causes of action for the tort of defamation from their scope, whether or not such jurisdiction would be consistent with due process protection.").

Accordingly, the district court correctly concluded that there was no basis for exercising specific personal jurisdiction over defendants.

7

3.      Conclusion

We have considered Hood's remaining arguments and conclude that they are without merit.   Accordingly, the June 20, 2016 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court